IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

RECEIVED
2019 APR 19  A 11: 10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:19-CV-00280-WKW-SRW

| | |
|---|---|
| Melvin Lewis Sealey <br> P. O. BOX 298 <br> Brantley, Alabama 36009 <br><br> Plaintiff/Petitioner <br><br> vs. <br><br> Jones Walker, LLP <br> RSA Battle House Tower <br> 11 North Water Street, Suite 1200 <br> Mobile, Alabama 36602 <br><br> Defendant[s], et. al. | COMPLAINT FOR VIOLATIONS OF <br> FIFTH AMENDMENT OF CONSTITUTION <br> F. R. Civ. P. 9(b) <br> 11 U.S CODE 101(49) <br> 11 U.S. CODE § 548 <br> 12 U.S. CODE § 3713 <br><br> BY SPECIAL APPEARANCE <br> <u>Melvin Lewis Sealey</u> |

## **COMPLAINT**

Plaintiff Melvin Lewis Sealey, the lawful owner of the property, the (Land) up until the **Wrongful Transfer**, of the title to property on or about July 18, 2014 and in his Propria Persona, by Special Appearance does sues, Jones Walker, LLP., and states as follows to wit;

1. Melvin Lewis Sealey (MLS) hereinafter "Petitioner" (unless otherwise indicated) is an adult and a Native American Citizen of the State of Ohio, the lawful owner of the described real property, situated in Crenshaw County, more particular described in part as follows, to wit: The S 1/2 of the N 1/2 of the SW 1/4 of Section 4, Township 7N, Range 18E, Lying East of U.S. Highway #331. (35.68 Acres on Highway 331, Brantley, AL 36009; Tax ID 24-20-02-04-0-000-004.001).

1

## JURISDICTION

Federal jurisdiction exists where the case (1) present a question of federal law (2) involves parties of diverse citizenship and an amount in question that exceeds $75,000. *See* U.S.C. §§ 1331 & 1332(a)(1). Petitioner (Sealey) respectfully comes before this Honorable Court by Special Appearance, pursuant to F. R. Civ. P. 9(b).

2. On information and belief, Jones Walker, LLP, is an Alabama state-chartered Law Firm, doing business in Crenshaw County Alabama, who alleged to have been authorized to transfer the Title of Petitioner's property the (Land), pursuant to an unknown contract, between Jones Walker, LLP, and an unknown third party of interest.

3. Jones Walker, LLP., knew or should have known, that the original documents in the name of Sealey contained an expiration dated, April 5, 2009, which after that date would require a renewal, or modification process, that never occurred and documents transferred to Jones Walker, LLP, on or about December of 2009.

4. Jones Walker, LLP., knew or should have known that it relied on unsworn statements on record, as evidence by a notice, the "Foreclosure Deed" recorded on July 25, 2014, as the DEED in book 173 and page 273 in the Probate Court of Crenshaw County having no affidavit in support, thereof, the action taken or any order from a judicial or non-judicial Court of law.

5. Jones Walker, LLP., knew or should have known that the statement made on the DEED contained misleading information to be construed as false. No lawful Mortgage existed on record after April 5, 2009, or any affidavit to support the alleged right to have transferred the title of the property belonging to MLS since April 5, **2004.**

6. Jones Walker, LLP., knew or should have known that, no lawful "DEFAULT" could have occurred without a lawful contract or the terms thereof, before or after the expiration date of April 5, 2009 as stated in the Consumer Loan Agreement.

2

7. Jones Walker, LLP., knew or should have known that, a presumption of having acquired certain rights, have not been verified, certified, confirmed or adjudicated by any Court, pursuant to any lawful contract to have transferred the title of MLS' property, the (Land) into that of another, In violation of **12 U.S. Code § 3713. Transfer of Title and possession.** " (a) Payment and Delivery of Deed. Which states in part; The foreclosure commissioner shall deliver a deed or deeds".....

8. Jones Walker LLP., knew or should have known that, its agent was allegedly designated as an auctioneer for a named Mortgagor and Mortgagee, acted under the pretense of an assumption that, has not been verified, certified, confirmed or adjudicated by any Court of law or Equity.

9. Jones Walker, LLP., knew or should have known that the actions of its agents are due to being construed, as having violated the original owners' (Mr. Sealey) rights to property protected under the Federal and United States of America Constitutions and the, **U.S. Code § 548 Fraudulent Transfer and Obligations (2)(B).** Which states in part; " Fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security"... and **11 U.S.Code § 101(49), Security**, the term "security" "A" includes (i)Note: (xii) investment contract or certificate of interest or participation in a profit-sharing agreement....

10. Jones Walker, LLP., knew or should have known that, it's agent Edward A.R. Miller (MIL133) who prepared the instrument the "Deed" whose address is/was Jones Walker LLP, 11 North Water Street, #1200, Mobile, AL 36602, PH:(251) 432-1414, acted under the pretense and presumption that, has not been verified, certified, confirmed, or adjudicated by any Court of law or equity, before the transfer dated of July 18, 2014, in violation of petitioner's rights under **Fifth Amendment of the Constitution.**

3

**Citing-** "it also requires that, "due process of law" be part of any proceeding that denies a citizen "life, liberty or **property**" and requires the government to compensate citizen when it takes private property for public use."

See exhibit "A" the recorded DEED, and Exhibit "B" AFFIDAVIT OF EDWARD MILLER, attached here with as evidence of the misrepresentation of the alleged rights by Defendant.

11. Jones Walker, LLP., knew or should have known that, exhibit "B" the "AFFIDAVIT OF EDWARD MILLER" relied on by the entity and the Courts, was discovered by Petitioner after the closing of its case on March of 2019, should be reviewed and consideration taken, as **Fraud upon the Courts** may have occurred and an addition to Petitioner's rights to property being violated under the Federal and United States of America Constitutions.

12. Jones Walker, LLP., knew or should have known that, the "AFFIDAVIT OF EDWARD MILLER" was/is of no lawful effect, and should be declared by this Honorable Court as such, discovered by the Petitioner in a document containing 164 pages, labeled as a partial summary judgement document 8 filed on 11/16/15, into Case No.: 2:15-cv-00837-WKW-TFM. The AFFIDAVIT OF EDWARD MILLER contains misleading information in violation of **F. R. Civ. P. 9(b)**, discover 1st page as; **Citing-**"Before me, the undersigned authority, personally appeared Edward Miller who upon being first duly sworn, deposes and says that:", then on page three of the affidavit it states;

**Citing-** "I, a Notary Public in and for the said County in said State, hereby certify that Basel Tarabein, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of this instrument, such person executed the same voluntarily on the day the same bears date."

13. Jones Walker, LLP., knew or should have known that, the AFFIDAVIT OF EDWARD MILLER, notarized by Jillian M. Kersten a Notary Public of the State of

4

Alabama, contains misleading information, which clearly shows that Edward Millers' signature and statement in the instrument were never certified, acknowledged or witnessed by anyone lawfully, and Basel Tarabein never signed the instrument. See exhibit "B" attached, herewith. Which documents should be declared as having no lawful effect.

14. Jones Walker, LLP., knew or should have known that, it appears that some robo signing was occurring in its office and the "AFFIDAVIT OF EDWARD MILLER" should be declared void and noid and as having no law effect, in violation of Federal Rules of Civil Procedure 9(b); is satisfied, if the plaintiff pleads (1) precisely what statements were made in what document or oral representation or what omissions were made, and (2) the time and place of each such statements and the person responsible for making (or in the case of omissions, not making) same and (3) the content of such statement and the manner in which they mislead the plaintiff and (4) what the defendants obtained as a consequence of the Fraud. (the Property) *Ziemba v. Cascade Int'l, Inc.*, 256 F. 3d 1194, 1202 (11th Cir. 2001) (quoting, *Brooks v. Blue Cross &Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371(11th Cir. 1997))

15. Jones Walker, LLP., knew or should have known that, the DEED in this instant case should be declared as having no lawful effect as evidenced by Notary Public actions, which acted under the pretense of an assumption that, has not been verified, certified, confirmed or adjudicated by any Court of law or equity of a lawful Contract.

16. Jones Walker, LLP., knew or should have known that there's is no evidence on record pursuant, U.S. Code, the State of Alabama Code, or Federal rules and laws of this Honorable Court, governing the acts of a commissioner, that were allegedly designated to Jones Walker LLP., agents by an unknown entity and not pursuant to **12 U. S. Code § 3713 Transfer of Title and possession.**

17. Jones Walker LLP., knew or should have known that, the Notary Public in this instant case has not, did not, in the instrument named the "FORECLOSURE DEED"

5

the "DEED" certify, verify or confirm, how the alleged agents, a "BANK" acted as an auctioneer, discovered on page 273, ¶ 3, which states in parts; "and BB&T, as auctioneer, did offer for sale at public"... and also discovered on page 275 ¶, 2, "IN WITNESS WHEREOF, Edward Miller, as auctioneer conducting said sale"... in violation of **12 U.S Code § 3713 Transfer of Title and possession.**

### COUNT ONE-DECLARATORY ACTION

18. Sealey re-avers each of the prior paragraphs of this complaint as if fully set forth herein.

19. Sealey respectfully requests this Honorable Court to issue an order declaring Sealey the lawful owner of described property.

20. Sealey respectfully requests this Honorable Court to issue an order reinstating Sealey's rights to property be transferred back into the name of Melvin Lewis Sealey.

21. Sealey respectfully requests this Honorable Court to issue an order declaring the AFFIDAVIT OF EDWARD MILLER and the FORECLOSURE DEED filings in the probate court of Crenshaw County Alabama, to be of no lawful effect, null, void, and stricken from the public records.

22. Defendant acting under the color of law, conspired to deny Petitioner's rights privileges, and immunity secured by the United States of America Constitution and Federal Law. Petitioner was denied the rights to his property by fraudulent procedures by the agents representing the entity and/or Jones Walker, LLP.

23. By Law and precedent and in accordance with the Supreme Court of the United States *pro se* Pleadings MAY NOT be held to the same standard as a lawyer and/or attorney; and whose motions, pleadings and all papers may ONLY be judged by their function and never their form. *See:* Haines v. Kerner; Platsky v. CIA; Anastasoff v. United States; Litigants are to be held to less stringent pleading standards;

*See:* Haines v. Kerner, 404 U.S. 519-421; In re Haines: pro se litigants are held to less stringent pleading standards than admitted or licensed bar attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

*See also:* Platsky v. C.I.A., 953 f.2d. 25; In re Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.

*See also:* Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000); In re Anastasoff: litigants' constitutional (guaranteed) rights are violated when courts depart from precedent where parties are similarly situated.

**WHEREFORE,** Melvin Lewis Sealey prays and respectfully requests this Honorable Court to issue an order declaring Sealey the rightful and lawful owner of the "Property" (the land) and declaring Jones Walker, LLP., probate filing regarding the unlawful transfer of the title to Property into that of another name, to be null, void, and stricken from the public record. Punitive damages are recoverable in a section 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights. ***Smith v. Wade,*** **461 U.S. 30, 50-51(1983)**

## COUNT TWO-INJUNCTIONS

24. Sealey re-avers each of the prior paragraphs of this complaint as if fully set forth herein.

25. Sealey respectfully requests this Honorable Court to issue a permanent injunction barring Jones Walker LLP., from any further documents being drafted or created as having any lawful effect, being certified or verified by a stamp.

**WHEREFORE,** Sealey prays and respectfully requests this Honorable Court to issue a permanent injunction barring Jones Walker, LLC., or any agents, thereof, from creating or drafting any further unilateral filings in the Probate Court of Crenshaw County, Alabama that relates to this particular right to Property and title originally owed by Melvin Lewis Sealey. Notwithstanding all Court costs, and any punitive damages due to fraud, be deemed appropriate and applicable, by the rules and laws of this Honorable Court be justified in favor of the Petitioner.

Faithfully Submitted,

Reserving all rights and liberties and waiving none,

Date 4-18-2019          By: _____
                             Melvin Lewis. Sealey

**Take Notice** that I also revoke, cancel, and make void <u>ab initio</u> all powers of attorney, in fact, in presumption, or otherwise, signed either by me or anyone else, claiming to act on my behalf, with or without my consent, as such power of attorney pertains to me or any property owned by me, by, but not limited to, any and all quasi/colorable, public, governmental entities or corporations on the grounds of **constructive fraud**, concealment, and nondisclosure of pertinent facts.

I affirm that all of the foregoing is true and correct. I affirm that I am of lawful age and am competent to make this document. I hereby affix my own signature to all of the affirmations in this entire document with explicit reservation of all my unalienable rights and my specific common law right not to be bound by any contract or obligation which I have not entered into knowingly, willingly, voluntarily, and without misrepresentation, duress, or coercion.

## CERTIFICATE OF SERVICE

The undersigned served a true and correct copy of the foregoing document to all the Parties listed below on this 19th day of April 2019, by U.S. Postal Service.

Jones Walker, LLP
11 North Water Street; Suite 1200
Mobile, AL 36602

PARTY OF INTEREST
BRANCH BANKING AND TRUST COMPANY
2 NORTH JACKSON STREET, SUITE 605
MONTGOMERY, AL 36104
Attn: Legal Department

4-18-2019                              _____
Date Signed                            Melvin Lewis Sealey
                                       P.O. Box 298
                                       Brantley, Alabama 36009

U.S. POSTAGE PAID
PME 1-Day
AVON LAKE, OH
44012
APR 18, 19
AMOUNT
**$25.50**
R2305K135912-54

1007 38104

EK231479825US

# PRIORITY ★ MAIL ★ EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

This envelope is made from post-consumer waste. Please recycle - again.

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE 440, 661-1068

Melvin K. Lesley
P.O. Box 29?
Brantley Ala 36009

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)

☒ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )

Middle District Court
Clerk of Court Office
One Church St. ...
Montgomery, Ala

ZIP + 4® (U.S. ADDRESSES ONLY) ? 6 ... ? 4 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

NATIONAL USE

UNITED STATES POSTAL SERVICE® | PRIORITY ★ MAIL ★ EXPRESS™

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code: 44012 | Scheduled Delivery Date (MM/DD/YY): 4/19/19 | Postage: $ 25.50 | |
| Date Accepted (MM/DD/YY): 4/18/19 | Scheduled Delivery Time: ☐ 10:30 AM ☒ 3:00 PM ☐ 12 NOON | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 1058 ☒ AM ☐ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Weight: ☒ Flat Rate, lbs. ozs. | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 25.50 | |
| | Acceptance Employee Initials: MLS | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, JANUARY 2014 PSN 7690-02-000-9996 3-ADDRESSEE COPY

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

EP13F July 2013 OD: 12.5 x 9.5

VISIT US AT USPS.COM®

UNITED STATES

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.

