IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN LEWIS SEALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 2:19-CV-280-MHT-JTA |
| | ) |
| JONES WALKER LLP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on the motion for dismissal and sanctions filed by

Defendant Jones Walker LLP ("Jones Walker").  (Doc. No. 8).  After due consideration of

the parties' arguments and applicable law, the court concludes that the motion (Doc. No.

8) is due to be GRANTED in part and DENIED in part.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Melvin Lewis Sealey ("Sealey"), proceeding *pro se*, filed this action relating

foreclosure of his property.  Sealey is no stranger to this court as this lawsuit is his fifth

lawsuit involving Branch Banking and Trust ("BB&T"), and its agents or employees, to

recover title to 38 acres of land he previously owned in Crenshaw County ("the property").

In 2004, Sealey executed a mortgage on the property through BB&T's predecessor in

interest, Colonial Bank, which was declared insolvent in 2009.  Sealey declared bankruptcy

in 2011, wherein he listed BB&T as a secured creditor.  BB&T's petition to the bankruptcy

court for permission to proceed under applicable non-bankruptcy law was unopposed by

Sealey and granted by the court.  In 2014, BB&T foreclosed the mortgage at public auction.[1]  Defendant Jones Walker was the law firm employed by BB&T to conduct the foreclosure and has represented BB&T in Sealey's lawsuits pertaining to the foreclosure. Each prior lawsuit filed by Sealey presented his allegations that BB&T engaged in fraud during the foreclosure process through its agents and employees.  *See Sealey v. Stidham, et al.*, Case No. 2:14-cv-1036-MHT-WC; *Sealey v. Stidham, et al.*, Case No. 2:14-cv-01117-MHT-WC; *Sealey v. Branch Banking and Trust Co.*, Case No. 2:15-cv-00837-WKW-TFM; *Sealey v. Branch Banking and Trust Co.*, Case No. 2:17-cv-785-MHT-JTA.[2] The procedural history in each of these lawsuits are relevant to this recommendation and thus are briefly summarized below.

Sealey filed his first lawsuit in state court and named BB&T and four individuals, two BB&T employees and two attorneys from Jones Walker,[3] as defendants.  *See Sealey v. Stidham, et al.*, Case No. 2:14-cv-1036-MHT-WC ("*Sealey I*"), Doc. No. 1-2.  Sealey alleged both state-law and federal-law claims against the defendants.  *Id.*  The defendants removed the action to federal court on the basis of federal-question jurisdiction.  *Id.*  This lawsuit was dismissed without prejudice when Sealey filed a notice of voluntary dismissal

---

[1] *See Sealey v. Stidham, et al.*, Case No. 2:14-cv-1036-MHT-WC, Doc. No. 3 at 3-4.

[2] The court takes judicial notice of its own records.  *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding that in determining preclusive effect of previous litigation it is proper to take judicial notice of court records).

[3] Specifically, Sealey named attorneys Edward A.R. Miller and Richard A. Wright as defendants. *Sealey v. Stidham, et al.*, Case No. 2:14-cv-1036-MHT-WC, Doc. No. 1-2.  Attorney Miller appeared as counsel of record in the first three lawsuits filed by Sealey.

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) against the four individuals[4] and the court granted BB&T's motion to dismiss for failure to state a claim.  *See Sealey I*, Case No. 2:14-cv-1036-MHT-WC, Docs. No. 35, 36.

Sealey filed his second lawsuit in federal court and named the same four individuals as defendants as named in *Sealy I,* but did not bring suit against BB&T.  *See Sealey v. Stidham, et al*., Case No. 2:14-cv-1117-MHT-WC ("*Sealey II*"), Doc. No. 1.  Sealey again alleged both state-law and federal-law claims against the defendants.  *Id.*  This lawsuit was dismissed without prejudice due to a second voluntary notice of dismissal filed by Sealey pursuant to Rule 41(a)(1)(A)(i).  *See Sealy II*, Case No. 2:14-cv-1117-MHT-WC, Doc. No. 30.

Sealey filed his third lawsuit in state court and named BB&T as the sole defendant. *See Sealey v. Branch Banking and Trust Co*., Case No. 2:15-cv-837-WKW-TFM ("*Sealey III*"), Doc. No. 1-1.  BB&T removed the case to federal court on the basis of diversity jurisdiction and moved to dismiss the complaint.  *Sealey III*, Case No. 2:15-cv-837-WKW-TFM, Docs. No. 1, 5.  The magistrate judge recommended the court grant BB&T's motion to dismiss on the grounds that the action was barred under the "two-dismissal rule" of Federal Rule of Civil Procedure 41(a)(1)(B)[5] and res judicata.  *See Sealey III*, Case No.

---

[4] Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Such dismissal is without prejudice unless the notice or stipulation specifies otherwise.  Fed. R. Civ. P. 41(a)(1)(B).

[5] Federal Rule of Civil Procedure 41(a)(1)(B) provides "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates

2:15-cv-837-WKW-TFM, Doc. No. 25. The district court adopted the recommendation of the magistrate judge and dismissed the lawsuit with prejudice. *See Sealey III*, Case No. 2:15-cv-837-WKW-TFM, Doc. No. 31.

Sealey appealed the district court's ruling in *Sealey III* and the Eleventh Circuit Court of Appeals affirmed the district court's judgment. *See Sealey v. Branch Banking and Trust Co.*, 693 F. App'x 830 (11th Cir. 2017). The Eleventh Circuit held that the "district court properly determined that the doctrine of claim preclusion applied to bar Sealey's third lawsuit challenging BB&T's and its employees' actions in connection with the foreclosure of his property." *Id*. at 835.

Sealey filed his fourth lawsuit in state court and again named BB&T as the sole defendant. *See Sealey v. Branch Banking and Trust Co.*, Case No. 2:17-cv-785-MHT-JTA ("*Sealey IV*"), Doc. No. 1-1. BB&T yet again removed the case to federal court on the basis of diversity jurisdiction. *Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Doc. No. 1. BB&T counterclaimed to enjoin Sealey from filing additional lawsuits "relating in any way to the [p]roperty; BB&T's ownership of the [p]roperty; the indebtedness owed BB&T; BB&T itself, or its agents and/or assigns; the note; or the mortgage." *See Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Doc. No. 2 at 5. BB&T moved for summary judgment relying on the Eleventh Circuit's holding in *Sealey III*. *Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Doc. No. 12 at 4. The magistrate judge recommended that BB&T's motion be granted

---

as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is commonly known as the "two-dismissal rule." *See Sealey III*, Case No. 2:15-cv-837-WKW-TFM, Doc. No. 25 at 11.

because Sealey's lawsuit was barred by res judicata and that Sealey's complaint be dismissed in its entirety with prejudice.  *Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Doc. No. 26 at 7-9.  The district court adopted the recommendation of the magistrate judge and dismissed Sealey's lawsuit which caused BB&T's counterclaim to remain pending before the court.  *Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Docs. No. 29, 30, 40.  Considering Sealey had previously moved to remand the lawsuit to state court and BB&T filed a notice consenting to the remand of its counterclaim, the district court declined to exercise jurisdiction over BB&T's counterclaim and exercised its discretion pursuant to 28 U.S.C. § 1367(c)(3) to remand the case to state court.  *Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Doc. No. 42.

During the pendency of *Sealey IV*, Sealey filed the instant action in federal court against Jones Walker alleging fraudulent acts by its attorneys taken on behalf of BB&T during the foreclosure.  (Doc. No. 1.)  Sealey attempts to allege federal-law claims against BB&T and posits subject matter jurisdiction exists based on diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.  (*Id*. at 2.)  Sealey complains of violations of the Fifth Amendment to the United States Constitution, federal bankruptcy law, a federal foreclosure statute, and Rule 9(b) of the Federal Rules of Civil Procedure.  (*Id*.)  Specifically, Sealey alleges that Jones Walker, while acting as counsel to BB&T and foreclosure auctioneer, knew or should have known that the 2014 foreclosure was invalid due to its reliance on expired, unsworn, or false documentation and that the use of those documents to facilitate the transfer of property from Sealey to BB&T violated 12 U.S.C. § 3713.  (*Id*. at ¶¶ 3-9.)  Sealey also alleges that Jones Walker knew or should have

known that the transfer of title was both fraudulent under 11 U.S.C. § 548 and a violation of his right to due process under the Fifth Amendment.[6]  (*Id*. at ¶ ¶ 9-10.)  Sealey further alleges that an affidavit by attorney Edward Miller "discovered by [Sealey] after the closing of [*Sealey IV*]"[7] is fraudulent, falsely notarized and presents misleading information in violation of Federal Rule of Civil Procedure 9(b).  (*Id*. at ¶ ¶ 11-15.)  Finally, Sealey alleges that Jones Walker knew or should have known that its actions on behalf of BB&T during the foreclosure process were not in accordance with 12 U.S.C. § 3713.  (*Id*. at ¶ ¶ 16-17.)  Sealey seeks declaratory relief as he urges this court to declare him the owner of the property, declare all state court filings through which Jones Walker accomplished the title transfer are null and void, and declare that Jones Walker under color of law conspired to deny him the rights to his property by fraudulent procedures.  (*Id*. at ¶ ¶ 18-22.)  Sealey also seeks injunctive relief as he urges the court to enjoin Jones Walker from drafting any additional documents to be filed in the Probate Court of Crenshaw County, Alabama which relate to the property.  (*Id*. at ¶ ¶ 24-25.)

Jones Walker responded to Sealey's Complaint by filing a motion to dismiss based on res judicata and a motion for sanctions against further frivolous and vexatious litigation by Sealey.  (Doc. No. 8.)  Sealey filed two responses in opposition to Jones Walker's motion.  (Docs. No. 14, 15.)  Both responses by Sealey contain rambling and incoherent

---

[6] The Fifth Amendment provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. V.

[7] The affidavit which Sealey claims to have discovered in 2019 was originally filed on November 16, 2015 in *Sealey III*.  *See Sealey III*, Case No. 2:15-cv-837-WKW-TFM, Doc. No. 8 at 51-53.

arguments that fail to specifically address res judicata.  (*Id.*)  Sealey appears to argue

however that he filed this case because the court did not address the issue of fraud on the

court in *Sealey IV*.  (Doc. No. 14 at 2, 4-6; Doc. No. 15 at 2, 6, 9.)

## II.   JURISDICTION

The court exercises subject matter jurisdiction over this action pursuant to diversity

jurisdiction, 28 U.S.C. § 1332.[8]  The parties do not contest personal jurisdiction or venue.

## III.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must take the facts alleged in the complaint as true and construe them

in the light most favorable to the plaintiff.  *See Resmick v. AvMed, Inc.*, 693 F.3d 1317,

1321-22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 570 (2007)).   "[F]acial plausibility" exists "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  A Rule 12(b)(6)

motion tests the sufficiency of a complaint; it is not a vehicle to litigate questions of fact.

*See Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010).  However,

exhibits attached to the complaint are also properly considered in the 12(b)(6) inquiry.

---

[8] There is no dispute that subject matter jurisdiction is proper here based on diversity
jurisdiction because there is complete diversity of citizenship and the property at issue is
valued over $75,000.  (Doc. No. 8 at 2 n.1; Doc. No. 1 at 2, <u>Jurisdiction.</u>)

*Weeks v. Wyeth, Inc.*, 120 F. Supp. 3d 1278, 1283 (M.D. Ala. 2015) (citing *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006)).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Yet, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## IV.   DISCUSSION

### A. Res Judicata

Jones Walker asserts that this lawsuit is barred by the doctrine of res judicata and thus should be dismissed with prejudice. Jones Walker argues that this lawsuit is Sealey's fifth identical lawsuit arising from the foreclosure of his home. Because *Sealy III* and *Sealy IV* were dismissed by this court due to res judicata, Jones Walker contends this lawsuit should suffer the same fate. The court agrees.

"Res judicata, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well." *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006). A party seeking to invoke the doctrine must satisfy four elements: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "As

to the parties to the prior proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. Comm'r*, 29 F.3d 1533, 1539 (11th Cir. 1994) (citation omitted).

Given the history of Sealey's five lawsuits, the court again finds that res judicata precludes relitigation of Sealey's claims and dismissal with prejudice is warranted. The prior judgments in *Sealey III* and *Sealey IV* plainly satisfy the res judicata standard. First, the court issued a final judgment on the merits in both cases. In *Sealey III*, the court granted BB&T's motion to dismiss for failure to state a claim which unambiguously constitutes a final judgment on the merits. *See Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011) ("The dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for example, unambiguously constitutes a ruling 'on the merits.' ") (citing *NAACP v. Hunt,* 891 F.2d 1555, 1560 (11th Cir. 1990) ("the Supreme Court has clearly stated that '[t]he dismissal for failure to state a claim . . . is a "judgment on the merits." ' " )). In *Sealey IV*, the court granted BB&T's motion for summary judgment which undeniably constitutes a final judgment on the merits. *See Bazile v. Lucent Techs.*, 403 F. Supp. 2d 1174, 1181 (S.D. Fla. 2005) ("A judgment rendered upon a motion for summary judgment is a final judgment on the merits and is entitled to the full preclusive effect of any final judgment.") (citing *Exhibitors Poster Exch., Inc. v. National Screen Serv. Corp.,* 517 F.2d 110 (5th Cir. 1975)). The first element in establishing res judicata is satisfied.

Second, there is no dispute that the decisions in *Sealey III* and *Sealey IV* were rendered by a court of competent jurisdiction. Both cases were properly brought and adjudicated in this court. The second element in establishing res judicata is satisfied.

Third, the parties are identical based on privity in all three lawsuits.  Although Jones Walker was not a defendant in *Sealey III* or *Sealey IV,* Jones Walker was in privity with BB&T – who was the sole defendant in those cases – for res judicata purposes.  Because attorneys from Jones Walker represented BB&T in the previous lawsuits filed by *Sealey*, the attorney-client relationship between Jones Walker and BB&T in *Sealey III* and *Sealey IV* established privity between them.  *See Crooked Creek Props., Inc. v. Ensley*, No. 2:08-cv-1002-WKW, 2009 WL 3644835, at *18 n.20 (M.D. Ala. Oct. 28, 2009) (applying res judicata to "Groundhog Day" type litigation and finding privity was established by an attorney-client relationship as it is "one of the highest agencies known to the law"); *Weinberger v. Tucker*, 510 F.3d 486, 492-93 (4th Cir. 2007) ("Courts have held that the attorney-client relationship itself establishes privity."); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata.")  In addition, Jones Walker was in privity with BB&T based on the employer-employee relationship that existed.  In the Eleventh Circuit's opinion of *Sealey III,* the Circuit did not differentiate the employment status of the four individual defendants named in *Sealey I* and *Sealey II.  See Sealey*, 693 F. App'x at 831-32.  Rather, the Eleventh Circuit considered the two bank employees and the two Jones Walker attorneys who were named as defendants in *Sealey I* and *Sealey II* collectively as "individual BB&T employees" and concluded that "[b]ased on both the employment relationship and BB&T's control over the prior litigation, the court did not clearly err in finding that privity existed."

*Id.* at 835.  Accordingly, the law of this case and pertinent case law support a finding of privity between Jones Walker and BB&T.  The third element in establishing res judicata is satisfied.

Fourth, the same cause of action is involved in *Sealey III, Sealey IV* and this case. "[T]wo cases are generally considered to involve the same cause of action if the latter case arises out of the same nucleus of operative fact or is based upon the same factual predicate, as the former one."  *Maldonado v. United States Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (internal quotation marks omitted).  The three lawsuits here arise out of the same nucleus of operative fact: the alleged wrongful foreclosure and sale of Sealey's property. Sealey complained previously of BB&T's actions in his third lawsuit by alleging claims of "negligence; wantonness; unjust enrichment; wrongful foreclosure; abuse of process; slander of title; breach of contract; fraud; negligent and/or wanton hiring, supervision, and/or training; and intentional and/or malicious conduct."  *Sealey III*, Case No. 2:15-cv-837-WKW-TFM, Doc. No. 25.  Similarly, he complained of BB&T's actions in his fourth lawsuit where he sought declaratory and injunctive relief without alleging any specific claims.  *Sealey IV*, Case No. 2:17-cv-785-MHT-JTA, Doc. No. 1-1.  In the instant action, Sealey complains of Jones Walker's actions in representing BB&T and alleges, for the first time, violations of his constitutional right to due process under the Fifth Amendment, a violation of bankruptcy law, a violation of a federal foreclosure statute and a violation of Federal Rule of Civil Procedure 9(b).  (Doc. No. 1.)  Though Sealey's new legal theory is rooted in the actions Jones Walker took on behalf of BB&T leading up to and during the foreclosure, this lawsuit is barred because res judicata bars all legal theories and claims

that **could have been brought** out of the same nucleus of operative fact.  *See Jaffree v. Wallace*, 837 F.2d 1461, 1468 (11th Cir. 1988) ("Res judicata . . . extends not only to the precise theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.") (internal citation and quotations omitted); *Maldonado*, 664 F.3d at 1377 ("A new claim is barred by res judicata if it is based on a legal theory that was or could have been used in the prior action.") (internal citation and quotations omitted).  In other words, because the claims alleged and legal theory used against Jones Walker in this suit could have been raised in Sealey's prior suits, he cannot litigate them now.  The fourth element in establishing res judicata is satisfied.

Finally, the court is not persuaded by Sealey's fraud on the court argument.  Sealey appears to argue that he filed this case because the court did not address the fraud evidenced in an affidavit by Edward Miller before it dismissed *Sealey IV*.  (Doc. No. 14 at 2, 4-6; Doc. No. 15 at 1-2, 6, 9.)  Sealey contends this court "overlooked" the affidavit and "fraud upon the Court was committed."  (Doc. No. 15 at 2.)  Sealey's fraud on the court argument does not save this lawsuit from res judicata.  *See Johnson v. Champions*, 990 F. Supp. 2d 1226, 1242 (S.D. Ala. 2014) (rejecting the theory that res judicata does not apply where a litigant accuses another of "fraud on the court").  In *Johnson*, the district court explained that

> Parties do not get to continue filing lawsuits – harassing their adversaries and consuming scarce judicial and litigant resources for years on end – until they get an answer they like.  Indeed, the very purpose of the judicially created doctrine of *res judicata* is to ensure "that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court and that issues once tried shall be considered forever settled between those same parties and their privies."

990 F. Supp. 2d at 1242 (quoting *Hughes v. Martin*, 533 So. 2d 188, 190 (Ala. 1988)).  This theory of collateral attack on a judgment as a means of avoiding res judicata has been rejected by courts because the litigant had an opportunity to present his allegations of fraud in the original action.  *Johnson*, 990 F. Supp. 2d at 1241 (citations omitted).  Here, Sealey had an opportunity to address his allegations of fraud in *Sealey I* or *II* but chose to dismiss those actions.  Under res judicata, he cannot continue to litigate until he gets a judgment that he likes.  Accordingly, Jones Walker's motion to dismiss based on res judicata is due to be granted.

B.  Federal Claims

In addition to the bar of Sealey's claims herein under res judicata, the court finds alternate grounds for dismissal.  Sealey attempts to rest subject matter jurisdiction on federal question jurisdiction under 28 U.S.C. § 1331[9] on the grounds that Jones Walker allegedly violated Federal Rule of Civil Procedure 9(b), 12 U.S.C. § 3713, 11 U.S.C. § 548, and the due process clause of the Fifth Amendment.  The court has reviewed each claim and finds that Sealey fails to state a claim upon which relief can be granted.

Rule 9(b) sets forth a heightened pleading standard for allegations of fraud and "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'"  *United States ex rel. Atkins v. McInteer*,

---

[9] A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

470 F.3d 1350, 1359 (11th Cir. 2006); Fed. R. Civ. P. 9(b). [10]   Though Sealey treats Rule 9(b) as a federal statute that was violated by Jones Walker, the Rules of Civil Procedure are not substantive provisions of law and do not create an independently enforceable right upon which a plaintiff may bring suit.  *Wells Fargo Bank, NA v. Dhanpath*, No. 1:12-cv-1139-CC-AJB, 2012 WL 13130048, at *4 (N.D. Ga. Apr. 16, 2012).  This claims fails to state a claim for relief.

Moreover, 12 U.S.C. § 3713 was enacted as part of the Multifamily Mortgage Foreclosure Act, "a uniform federal foreclosure remedy for multifamily mortgages" to facilitate foreclosures by the Secretary of the Department of Housing and Urban Development ("HUD").  *See* 12 U.S.C. § 3701(b) (Findings and Purpose); 12 U.S.C. § 3703 (Applicability).  "The Multifamily Mortgage Foreclosure Act applies only to HUD multifamily mortgages."  *Certified Enter., LLC v. Dauphin Creek Apartments, LLC*, Civ. No. 09-163-CG-N, 2009 WL 2870506 at *4, n.1 (S.D. Ala. Sept. 3, 2009).  Sealey's Complaint does not contain any allegations suggesting that HUD was involved in any way in the foreclosure of his mortgage.  Absent any allegations involving HUD, this claim fails to state a claim for relief.

---

[10]  Rule 9(b) provides:

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

Further, 11 U.S.C. § 548, the provision of the federal bankruptcy code cited by Sealey, is not designed to assist a private litigant as it was enacted so that bankruptcy trustees can prevent fraudulent transfers.  "Section 548 of the Bankruptcy Code, 11 U.S.C. § 548, sets forth the powers of a trustee in bankruptcy . . . to avoid fraudulent transfers." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535 (1994).  There is no allegation in the Complaint that Sealey is a bankruptcy trustee nor has he stated a claim that is plausible on its face under 11 U.S.C. § 548.

Finally, Sealey's claim that his property rights were violated under the due process clause of the Fifth Amendment fails to plead a cause of action arising under the United States Constitution.  The foreclosure was undertaken by Jones Walker on behalf of BB&T and both are private entities.  There are no allegations in this case that Jones Walker is a state actor.  (Doc. No. 1.)  Without governmental involvement, no claim under the due process clause exists because "a foreclosure sale by a private mortgagee does not involve state action."  *Crooked Creek Props., Inc. v. Hutchinson*, 432 F. App'x 948, 949-50 (11th Cir. 2011) (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 358-60 (5th Cir. 1977)[11]); *see also Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987) (finding that a nationally chartered bank did not act under color of law because the bank did not act jointly with the government, perform a traditional state function, or act for the state).  Since Sealey's Complaint does not contain any allegations that suggest that Jones Walker is a state actor,

---

[11] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

he fails to state a due process claim upon which relief can be granted. *Crooked Creek*, 432 F' App'x at 949-50.

In short, Sealey's Complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. None of the federal authorities Sealey cites can afford him relief even when the alleged facts of the Complaint are viewed in his favor. Because he cannot prevail on any claim stated, Sealey's Complaint does not survive scrutiny under Rule 12(b)(6) and the motion to dismiss is due to be granted.

C. Amendment to Complaint

Generally, in *pro se* cases, the court must give the *pro se* Plaintiff at least one opportunity to amend the complaint before the court dismisses the action with prejudice. *See DeSouza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. Apr. 24, 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). There would be no purpose here in permitting Sealey to file an amended complaint because it is well settled in the Eleventh Circuit that amendment is futile when an action is barred by res judicata. *See, e.g.*, *DeSouza v. JPMorgan Chase Home Lending Div.*, *Brown v. Comcast Cablevision of Tallahassee*, 134 F. App'x 423, 424 (11th Cir. 2005) (affirming dismissal with prejudice where district court found that claims were barred by res judicata); *see also DeSouza*, 608 F. App'x at 781 (affirming district court's denial of leave to amend based on futility of amendment where the plaintiff's claims were barred by res judicata). Sealey is not entitled to another bite at the apple in this case.

D. <u>Sanctions</u>

Jones Walker seeks sanctions against Sealey for defending these serial lawsuits. (Doc. No. 8 at 2.)  Jones Walker argues that this court expressly admonished Sealey on February 21, 2019 that if he continued to file lawsuits against BB&T such a filing would be "evidence of bad faith" and appropriate sanctions would be considered.  (Doc. No. 8 at 4) (citing *Sealey IV*, Case No. 2:17cv785-MHT-SMD, Doc. No. 25 at 5-6).  Jones Walker contends that Sealey "has indeed persisted in filing additional lawsuits" and this lawsuit should be considered as evidence of Sealey's bad faith.  (Doc. No. 8 at 4.)  Jones Walker urges this court to sanction Sealey by awarding monetary sanctions to Jones Walker and BB&T for its attorney's fees, and to enjoin Sealey from filing any future lawsuit against BB&T, its officers and its counsel.  (*Id.*)

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney or *pro se* plaintiff can subject themselves to sanctions by making false representations to the court.[12]  Fed. R. Civ. P. 11(b).  Rule 11(b), in relevant part, reads as follows:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[12] "[T]he standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings."  Fed. R. Civ. P. 11 advisory committee's note (citing *Haines v. Kerner,* 404 U.S. 519 (1972)).

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>  . . . .

*Id.* "Rule 11 sanctions are warranted when a party files an action that: (1) has no reasonable factual basis; (2) has no reasonable chance of success based on the legal theory used, or that cannot be advanced as a reasonable basis to change existing law; or (3) is filed in bad faith for an improper purpose." *Jackson v. Hall Cty. Gov't, Georgia*, 568 F. App'x 676, 679 (11th Cir. 2014) (citing *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir. 2003)). "In determining whether to impose sanctions, the district court determines 'whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry.' " *Id.* (quoting *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996)).

Some courts impose a somewhat lower standard on the *pro se* litigant, requiring more of a frivolity showing before issuing Rule 11 sanctions against them. As the Seventh Circuit Court of Appeals stated in *Bacon v. Am. Fed'n of State, Cty., & Mun. Employees Council*, No. 13, 795 F.2d 33, 34–35 (7th Cir. 1986):

> In a civil case, where there is no right to appointment of counsel, courts naturally are more lenient when it comes to assessing against litigants not represented by counsel sanctions for frivolous litigation than they are in the case of litigants who do have counsel. A layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit, and it would be as cruel as it would be pointless to hold laymen who cannot afford a lawyer—which so far as appears is [the pro se plaintiff's]

position—to a standard of care that they cannot attain even with their best efforts.  Nevertheless, **when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed, as this and other courts have frequently done in "tax protester" and other frivolous pro se suits.  It is no defense that the pro se litigant may not have thought his cause hopeless; we cannot peer into a litigant's mind; it is enough that a reasonable person in his position would have known that he had no basis for challenging the district court's decision.**

*Id*. (internal citations omitted) (emphasis added).

Here, the court finds Sealey's claims are objectively frivolous.  The court recognizes that Sealey is pursuing these claims in an effort to challenge the foreclosure and obtain ownership of his property.  But a reasonable person in Sealey's position should know **by now** that the legal claims he presented or could present in his pursuit have no viability in the Eleventh Circuit.

The court further finds that sanctions are not appropriate at this time.  Sealey was warned in **one** prior case, *Sealey IV*, regarding the potential for sanctions if he brought his lawsuit again.  The court suspects that warning led Sealey to change his legal theory from bringing suit against BB&T to bringing suit against Jones Walker.  Nevertheless, merely changing the names of the defendants in a suit is insufficient to circumvent res judicata if the new suit is based on the same factual predicate or the claims arose out of the same operative nucleus of fact as the prior action.  The court is considerate of Sealey's status as a *pro se* plaintiff in these lawsuits but finds it necessary at this time to issue a <u>very serious warning</u> to Sealey.  **Sealey is forewarned that serious consideration will be given as to whether Rule 11 or other sanctions are appropriate if a future lawsuit is filed in this court on the same factual predicate or arises out of the same operative nucleus of fact**

**as his prior five lawsuits.**  Simply stated, if Sealey persists in challenging the foreclosure of his property or the actions that led to the foreclosure of his property in this court, despite the numerous rulings against him, the court will be left with no other choice except to impose sanctions.

Sealey is also forewarned that not only will the likelihood for sanctions increase if he files another suit seeking deliverance from the foreclosure but the type of sanctions available are far-reaching if such an event occurs.  The Eleventh Circuit condones Rule 11 sanctions placed on *pro se* litigants by assessing fees and placing restrictions on their filings as appropriate in a given case.  The Circuit has explained the limits of such sanctions as follows:

> The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be "completely foreclosed from *any* access to the court."  *Procup v. Strickland*, 792 F.2d [1069] at 1074 [ (11th Cir. 1986) ] (emphasis in original).  This Court has upheld pre-filing screening restrictions on litigious plaintiffs. *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991); *Cofield v. Alabama Public Serv. Comm.*, 936 F.2d 512, 517–18 (11th Cir. 1991).  This Court has also stressed that, "[c]onsiderable discretion necessarily is reposed in the district court" when it drafts such orders.  *Procup v. Strickland*, 792 F.2d at 1074.

*Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).  And while "courts cannot construct blanket orders that completely close the courthouse doors to those who are extremely litigious[,] courts may take other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed."  *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir. 1991).

In sum, at this time the court will not impose sanctions to deter Sealey from filing future complaints in this court.  The court is aware that Sealey has paid the filing fee for the lawsuits he filed in federal court which is no small feat.  The court on the other hand is also aware that Jones Walker and BB&T are bearing the expense of litigating these suits brought by Sealey which is equally, if not more, costly.  The court reminds Sealey of the warnings herein and concludes by cautioning him that his filings as *pro se* offer him "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded dockets."  *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986).

## V.   CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.  Defendant Jones Walker's motion to dismiss and for sanctions (Doc. No. 8) be GRANTED in part and DENIED in part.  Specifically, the motion to dismiss be GRANTED and the motion for sanctions be DENIED.

2.  This case be DISMISSED with prejudice.

3.  All pending motions be DENIED as moot.

4.  Costs be taxed against Plaintiff.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **May 25, 2020.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District

Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 8th day of May, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE